Shientag, J.
The question involved on this appeal turns on the construction of a short Statute of Limitations clause in an insurance policy. Defendant has appealed from an order denying its motion for summary judgment dismissing the complaint on the ground that the action on the policy was not timely brought. The action was commenced on November 10, 1949, on an employees’ fidelity policy issued by defendant in the amount of $10,000 for the period from December 16, 1947, to November 19,1948. Plaintiff alleges that in May, 1948, it discovered losses of merchandise in excess of $10,000 which had occurred through *367 the dishonesty of its employees. Plaintiff was unable, however, to determine which of its employees had stolen the goods and how they had been stolen; in fact it still does not know this.
The protection afforded by the policy is limited by the conditions set forth in section B of the instrument which are expressly made conditions precedent to recovery. Among those conditions and limitations are the following: That the insured shall notify the insurer of any fraudulent or dishonest act on the part of any employee not later than fifteen days after discovery thereof. (Par. 2.) That the insured shall file with the insurer sworn itemized proof of loss within four months after discovery of any fraudulent or dishonest act. (Par. 3.) That no suit may be brought before the expiration of two months after filing proof of loss nor after the expiration of fifteen months from discovery of the fraudulent or dishonest act causing the loss. (Par. 4.)
It is undisputed that on May 6, 194.8, the insurance broker representing plaintiff informed defendant of a loss under the policy. A sworn proof of loss was filed with defendant on June 3, 1948, in which plaintiff claimed a total loss of $11,036.11. Plaintiff stated in that proof that the loss was due to the dishonesty of one or .more employees and described the manner in which the alleged loss was sustained as follows: “ Merchandise consisting of jewelry, furs, men’s clothing, and other general merchandise has been stolen by removing it from our premises, and by one or more salesmen selling merchandise and turning in no record of the sales and pocketing the money collected from the customers.”
Plaintiff did not institute this action until November 10, 1949, more than eighteen months after it had given notice of the loss and approximately seventeen months after plaintiff had filed its proof of loss. Nowhere in the policy is there any requirement that the insured must give such details of the loss as the name of the guilty employee, the date on which each article was stolen or the manner in which the theft was accomplished. Indeed, plaintiff takes the position that the failure to discover the dishonest acts causing the loss is not fatal to its case (Aranow Bros., Inc., v. United States Cas. Co., 35 N. Y. S. 2d 75, affd. 265 App. Div. 992). Its position, however, is that “ there is a difference betwéen concluding that loss was occasioned through employees’ dishonest acts and discovering those dishonest acts; the coverage of the policy applies in either event; defendant’s clause shortens the period of limitations in the case where there is ‘ discovery of the dishonest acts ’; defendant’s clause does not affect the situation where the dishonest act is not discovered; *368 in the latter event, therefore, the Statute of Limitations imposes the only limit on the time for commencing suit.”
That contention was accepted by the learned court at Special Term when he denied defendant’s motion for summary judgment dismissing the complaint. We are not in accord with that holding. The same language that is contained in the clause limiting the time to commence suit is also found in the clause providing for the time for filing proof of loss. Reading the pertinent clauses in their entirety, it is our opinion that they require suit to be brought within fifteen months after discoverymf facts or circumstances sufficient to warrant the filing of proof of loss under the policy. Knowledge of the particular scheme through which the loss was suffered is not essential. When that proof of loss was filed, it amounted to an affirmation by plaintiff that it had discovered the fraudulent and dishonest acts causing the loss within the meaning of the policy. The proof of loss specifically recites such discovery. At the latest, therefore, plaintiff must be deemed to have discovered the fraudulent or dishonest acts causing the loss when he filed the sworn proof of loss with the insurer. Having failed to bring its action within fifteen months thereafter and there being no dispute as to the facts herein recited and contained in the affidavits, the motion for summary judgment dismissing the complaint on the ground that it was barred by the short period of limitations contained in the policy, should be granted.
The order below should, accordingly, be reversed, with $20 costs and disbursements to appellant and the motion for summary judgment by the defendant dismissing the complaint should be granted, with costs to' the appellant.
Peck, P. J., Glennon, Callahan and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs.